# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DEBORAH LEWIS, on behalf of herself and a class of all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | Case No. CV 06-478-S-EJL-LMB |
| v. | ) ) | **MEMORANDUM DECISION** |
| FIRST AMERICAN TITLE INSURANCE COMPANY, a foreign corporation, | ) ) ) | **AND ORDER** |
| Defendant. | ) ) ) | |

Currently pending before the Court is Plaintiff's Motion to Compel (Docket No. 33). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order.

## I.

## PROCEDURAL HISTORY

On November 26, 2006, Plaintiff Deborah Lewis ("Lewis"), an individual residing in Idaho, filed this lawsuit as a class action. *See Class Action Complaint* (Docket No. 1). The class alleged includes consumers in five states: Idaho, Washington, Oregon, New Mexico, and Arizona. *Id.* at 5.

**MEMORANDUM DECISION AND ORDER - 1**

The original Complaint was amended and a second named Plaintiff, Quinn Woodard ("Woodard"), an individual residing in New Mexico, was added.[1]  *See Amended Class Action Complaint* ("Amended Complaint") (Docket No. 7).  Defendant responded to the Amended Complaint with two Motions to Dismiss (Docket Nos. 18, 19).[2]  The Motions to Dismiss did not address issues connected to the geographic scope of the alleged class.

Before ruling on the Motions to Dismiss, the District Judge issued a Scheduling Order mandating that discovery not commence until after he had an opportunity to rule on the pending motions.  *Scheduling Order for Class Certification & Referral to Magistrate Judge,* p.1 (Docket No. 18).  On September 25, 2007, the District Judge issued an order granting in part and denying in part the Motions to Dismiss.  *See Memorandum Order* (Docket No. 27).  That same day, Plaintiff served on Defendant her first set of discovery requests.  *See* Ex. B, *Schwartzman Affidavit* (Plaintiff's First Set of Interrogatories and Requests for Production of Documents) (Docket No. 35-2).

Plaintiff's discovery requests seek information related to Defendant's business activities in the five states identified in the Complaint, i.e., Idaho, Washington, Oregon, New Mexico, and Arizona.  *Id.*  Defendant responded to the discovery as it relates to its Idaho activities.  *See* Ex. C, *Schwartzman Affidavit* (First American's Responses to First Set of Interrogatories and Requests for Production of Documents) (Docket No. 35-3)  However, Defendant objects to the requests to the extent they seek information regarding its business practices outside the state of

---

[1]  Plaintiff Woodard subsequently filed a Notice of Voluntary Dismissal (Docket No. 30) and is no longer a party in this action.

[2]  Defendant filed an Answer on October 9, 2007.  (Docket No. 28)

**MEMORANDUM DECISION AND ORDER - 2**

Idaho.  *Id.*; *Defendant's Response to Plaintiff's Motion to Compel*, p.7 (Docket No. 36).

According to Defendant, "The named-plaintiff's claims against First American arise from First

American's alleged practices in Idaho and discovery related to First American's practices in

other states is irrelevant, overly broad, and not reasonably calculated to lead to the discovery of

admissible evidence." *Id.*  On February 13, 2008, Plaintiff filed the instant Motion to Compel

(Docket No. 33) seeking discovery responses relevant to First American Title's business

activities in those other states. *Memorandum in Support of Motion to Compel*, p. 1 (Docket No.

33).

## II.

## MOTION TO COMPEL STANDARD

It is in the discretion of the trial court to order a party to produce documents or answer

interrogatories. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469 (9th Cir.

1992); *Ah Moo v. A.G. Becker Paribus, Inc.*, 857 F.2d 615, 619 (9th Cir. 1988).  As a general

rule, "parties may obtain discovery regarding any matter, not privileged, which is relevant to the

subject matter involved in the pending action. . . .  The information sought need not be

admissible at the trial if the information sought appears reasonably calculated to lead to the

discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

The Supreme Court of the United States has indicated that the definition of relevancy, for

purposes of discovery, "has been construed broadly to encompass any matter that bears on, or

that reasonably could lead to other matters that could bear on, any issue that is or may be in the

case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).  Consistent with the

**MEMORANDUM DECISION AND ORDER - 3**

liberal, notice pleading standards, "discovery is not limited to issues raised in the pleadings, for discovery itself is designed to help define and clarify the issues." *Id.*

At the same time, there are limits to what a party may properly seek via discovery. "District courts need not condone the use of discovery to engage in 'fishing expedition[s].'" *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir. 2004) (citing *Exxon Corp. v. Crosby-Mississippi Res., Ltd.*, 40 F.3d 1474, 1487 (5th Cir. 1995)). Thus, the courts will not compel discovery that is wholly speculative. *Id.*

In determining whether to grant discovery in a putative national or multi-state class action, a court must consider the necessity of discovery, the time required, and the probability that discovery will resolve any factual issue necessary for the determination of whether the class should be maintained. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1312-1313 (9th Cir. 1977)). While "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable," there are occasions where discovery should not go forward. *Id.* at 1313. Specifically, "where the plaintiffs fail to even make a prima facie showing of Rule 23's prerequisites . . . the burden is on plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations." *Id.* Stated another way:

> The plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.

**MEMORANDUM DECISION AND ORDER - 4**

*Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).  Thus, even though the instant motion is a motion to compel discovery, it is necessary to make a preliminary determination regarding the sufficiency of Plaintiff's allegations of a five-state class.

## III.

## DISCUSSION

The four prerequisites to a class action are: (1) numerosity; (2) commonality; (3) typicality and (4) representativeness.  *See* Fed. R. Civ. P. 23(a).[3]  When determining whether to certify a class, a court must also find at least one of the following three conditions are satisfied: (1) the prosecution of separate actions would create a risk of: (a) inconsistent or varying adjudications or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  *See* Fed. R. Civ. P. 23(b).

---

[3]     One or more of a class may sue or be sued as representative parties on behalf of all members only if:

   (1)     the class is so numerous that joinder of all members is impracticable;
   (2)     there are questions of law or fact common to the class;
   (3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
   (4)     The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

**MEMORANDUM DECISION AND ORDER - 5**

Here, Idaho resident Deborah Lewis, the only named plaintiff, asserts a class action on behalf of consumers in five states.  Although Plaintiff acknowledges she has been harmed only in Idaho, she argues consumers from the five states alleged in the Complaint should be included in the class, because: (1) all five states included in the class possess nearly identical statutes requiring title companies to charge consumers only those prices set forth in the official rate schedules; (2) all class members paid for title policies in residential refinance transactions; and (3) all class members were overcharged for title insurance in a uniform manner.  *Amended Reply in Support of Plaintiff's Motion to Compel*, pp. 1-2 (Docket No.  33).

Defendant does not dispute that in each of the five states identified in the Complaint, once rates are established, the published rates are the only legal prices that a title insurance company, like First American Title, may charge.  *See* I.C. §§ 41-2705, 2707; R.C.W. §§ 48.29.140(2); O.R.S. §§ 737.205(1), 330(1); A.R.S. §§ 20-376A, 379A; N.M.S.A. § 59A-30-6A.  In addition, Plaintiff has provided information that, for the limited purpose of analyzing this motion and if true, supports the allegation that First American Title has engaged in systematically charging its customers in excess of the published rates.  *See* Ex. F, *Schwartzman Declaration*, (Docket No. 38-9).  The only state for which such information is unavailable is Oregon.

Given the similar state statutory rate restrictions and evidence in the record suggesting over-charging has occurred, for every state included in the Complaint except Oregon, Plaintiff has met her burden and satisfactorily demonstrated that discovery is likely to produce substantiation of the class allegations in the states of Washington, New Mexico, and Arizona. *See Mantolete,* 767 F.2d at 1424.

**MEMORANDUM DECISION AND ORDER - 6**

Defendant argues that discovery should be limited to Idaho, where the sole named Plaintiff resides, because: (1) there is no relationship between Plaintiff's claims and those of putative class members in the other four states; (2) certification of a multi-state class in this case is unlikely; and (3) courts routinely limit the geographic scope of discovery in putative class actions and  pp. 8-13 (Docket No. 36).  However, the bottom line here is that Plaintiff has met the prima facie requirement necessary to move forward with discovery.  The commonality of claims will be addressed at the class certification stage of the proceedings and the likelihood of such certification is not relevant to the inquiry at this point in time.  Further, this Court has reviewed the cases cited by Defendant in support of its argument that trial courts routinely limit the geographic scope of discovery in class action litigation and finds that such a determination, which is subject to the trial court's broad discretion, ultimately depends on the facts of the case. *See, e.g., Mantolete*, 767 F.2d at 1424 (holding plaintiff did not furnish compelling basis to conduct nation-wide discovery and disability discrimination required case-by-case analysis); *Tracy v. Dean Witter*, 185 F.R.D. 303, 304 (D. Colo. 1998) (limiting discovery because Plaintiffs did not demonstrate discovery likely to produce substantiation of class allegations); *Hinton v. Entex, Inc*., 93 F.R.D. 336, 337 (E.D. Tex. 1998) (limiting discovery to corporate office where employee worked because EEOC investigation did not uncover any evidence of discriminatory policies or practices outside of facility).

Although discovery was not allowed in the cases relied upon by Defendant, they all stand for the propositions that: (1) some discovery is necessary prior to a determination of class certification subject to reasonable limitations and (2) discovery, if allowed, should be sufficiently broad so that the plaintiff has a fair and realistic opportunity to obtain evidence which will meet

**MEMORANDUM DECISION AND ORDER - 7**

the requirements of Rule 23, yet not so broad that the discovery efforts present an undue burden

for the defendant.  *See, e.g.  Tracy v. Dean Witter*, 185 F.R.D. at 304.  To balance these interests,

courts apply the standard set forth in *Mantolete* and restated here: a plaintiff seeking class

certification bears the burden of advancing a prima facie showing that discovery is likely to

produce substantiation of the class allegations before the courts will allow such discovery.

*Mantolete*, 767 F.2d at 1424.

Unlike the foregoing cases, Plaintiff here has met her burden regarding class allegations

applicable to the states of Washington, New Mexico, and Arizona.  In making this determination,

it is important to keep in mind that a "[f]ailure to allow discovery, where there are substantial

factual issues relevant to certification of the class, makes it impossible for the party seeking

discovery to make an adequate presentation . . . [on certification.]"  *National Organization for

Women v. Sperry Rand Corp*, 88 F.R.D. 272, 277 (D. Conn. 1980) (citing *Chateau de Ville

Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978)).

Therefore, in cases such as this with sufficient pre-discovery evidence relevant to the class action

requirements, it is better practice to allow discovery to proceed and then allow the presiding

judge to make the certification decision after the facts are known.  Once the facts are better

known, the presiding judge will be able to make an informed decision on the class certification

issue.

## IV.

## CONCLUSION

Plaintiff has met her burden for the purposes of this Motion to Compel (Docket No. 33)

and discovery related to class certification shall be allowed.  Any dispute regarding the

**MEMORANDUM DECISION AND ORDER - 8**

commonality of the asserted class may then be resolved by the presiding judge during the class
certification proceedings.

## IV.

## ORDER

In accordance with the foregoing, it is hereby ordered that Plaintiff's Motion to Compel
(Docket No. 33) is GRANTED in part and DENIED in part.  The motion is granted with respect
to discovery relevant to Defendant's business activities in Washington, New Mexico and
Arizona and denied *without prejudice* with regard to Defendant's business activities in Oregon.



DATED:  **June 2, 2008**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**