IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| DEBORAH LEWIS, | No. CV-06-478-S-EJL |
|---|---|
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | |
| DefendantS. | |

Before the court is Magistrate Judge Larry Boyle's Report and Recommendation to grant Plaintiff Deborah Lewis's ("Lewis") Motion for Class Certification, (Docket No. 50), for an Idaho-only class, and to deny Defendant First American Title Insurance Company's ("First American") Motion to Strike (Docket No. 60). First American filed objections to the magistrate judge's Report and Recommendation (Docket No. 75), which this court denies in part as to the recommendation for class certification and grants in part related to striking certain evidence.

**FACTUAL BACKGROUND**

Lewis alleges that First American overcharged Lewis for her title insurance

ORDER - 1

policy associated with her refinanced residential mortgage, in violation of Idaho Code § 41-2705 to 2707.  Lewis claims that First American overcharged her by at least $364.00 in her own mortgage refinance transaction in Idaho by charging her the standard premium rate rather than the discounted rate required by Idaho law. Lewis alleges that First American violated similar title insurance premium statutes in Arizona, New Mexico, Oregon, and Washington ("the multi-state area") by overcharging other similarly situated customers.

Although the details differ from state to state, state law requires title insurance companies to charge a discounted rate for refinanced mortgages.  The states at issue here—Arizona, Idaho, New Mexico, Oregon, and Washington— regulate title insurance.  *See generally* Ariz. Revised. Stat. tit. 20; Idaho Code tit. 41; N.M. Stat. ch. 59–59A; Or. Revised Stat. tit. 56; Revised Code Wash. tit. 48. Arizona, Idaho, Oregon, and Washington require title insurance companies to submit rate schedules for approval.  New Mexico instead publishes a flat discount rate.  Each state also requires title insurances companies to adhere to the submitted or published rate. The relevant differences between each state's requirements are laid out below.

- <u>Arizona</u> - Docket No 50-3, Exh. 5
  - *Discount Rate*: 65% of the premium rate; 50% of the premium rate in

- Coconino, Grahm, Greenless, La Paz and Mojave Countyies; a different premium rate schedule exists in Pima County.
  - *Scope*: Applies to all lenders who are refinancing a previously insured loan with the same borrower, on the same property, and within the prior five years, or if a prior owner insured the property within the prior five years.
  - *Exceptions*: (1) In Maricopa County, the 65% rate applies only in limited circumstances; and (2) applying the discount rate is discretionary if the prior loan was not insured by First American.
- <u>Idaho</u>: Docket No. 50-2, Exh. 4.
  - *Discount Rate*: 50% of the premium rate
  - *Scope*: Applies if a title policy was already issued on the same property to the same owner in the last two years, and the owner must present the former title policy or reasonable proof thereof, when applying for new title insurance.
  - *Exception*: The owner need not present the prior title policy if the same title insurer also insured the prior policy.
- <u>New Mexico</u>: N.M. Admin. Code § 13.14.1–20
  - *Discount Rate*: A sliding scale of 40–55% of the premium standard rate.
  - *Scope*: Applies to all refinanced mortgages, if the prior loan occurred within five years of the second loan. After five years, a discount rate is not applicable.
- <u>Oregon</u>: Docket No. 50-3, Exh. 6
  - *Discount Rate*: (1) Before April 3, 2006 - 80% of the standard

premium rate; (2) After April 3, 2006 - 75% of the standard premium.

- *Scope*: Applies if a title policy was already issued on the same property, to the same owner, and within the past three years.

• Washington: Docket 53-5, Moore Decl., ¶¶ 6–8, 20–41 Various rate schedules applied in different counties. This is a general summary.

- *Discount Rate*: 50% of the standard premium rate
- *Scope*: Applies if a previous property has been insured with a title policy; many counties require the same owner; some counties do not mandate a discount rate if the second loan is above a certain amount.

## PROCEDURAL BACKGROUND

First American moves to strike two pieces of evidence in support of Lewis's class certification motion: (1) a summary of 112 HUD-1 settlement statements from Oregon agents of First American, and (2) testimony related to Lewis's review of eighteen HUD-1 settlement statements from the multi-state area and the eighteen HUD-1 statements themselves.[1] *Motion to Strike* (Docket No. 59). Both pieces of evidence support Lewis's argument for the existence of a class and Federal Rule of Civil Procedure 23(a)(1)'s numerosity requirement.

First American challenges the summary evidence under Rule 1006 of the

---

[1] A HUD-1 settlement statement is a document submitted to the U.S. Department of Housing and Urban Development as part of every mortgage. A HUD-1 settlement statement includes a complete accounting of the transactions related to the mortgage, including the purchase of title insurance.

Federal Rules of Evidence ("FRE") for lack of foundation and inaccuracy. *Motion to Strike Memorandum*, at 3–7 (Docket No. 60). The summary is based solely on Oregon-only insurance contracts. (Docket 50-4, Exh. 12, SEALED). First American argues that the second piece of evidence related to Lewis's review of eighteen HUD-1 settlement statements is improper lay opinion and does not meet the *Daubert/Kumho* standard for expert testimony. *Id.* at 7–11.

Regarding Lewis's motion for class certification, Lewis withdrew her request for class certification for injunctive relief under Federal Rule of Civil Procedure 23(b)(2) at the hearing before the magistrate judge. Remaining before this court is Lewis's class certification request for an unjust enrichment claim under Federal Rule of Civil Procedure 23(b)(3).

The magistrate judge recommends finding that Lewis has met all requirements for class certification, except typicality. For this reason, the magistrate judge recommends certifying an Idaho-only class given the differences in state law that would render First American liable for unjust enrichment. The magistrate judge recommends the following class definition:

> The Court will certify a class defined as: All persons in the state of Idaho who, in connection with a mortgage refinancing transaction: (a) paid a premium for the purchase of residential title insurance from First American Title Ins. Co.; (b) had either an unsatisfied mortgage from and institutional lender or a deed to a bona fide purchaser in the chain of title within two

years of the payment of the premium provided in the Title Insurance Rate
manual in Idaho; and (c) did not receive the discount specified in the
Manual.

*Magistrate's R&R*, at 30–31 (Docket No. 73).

The magistrate judge also recommended denying First American's motion to strike both pieces of evidence. This recommendation did not resolve the underlying admissibility question: whether the FRE apply in full force at the class certification stage or whether some lesser standard should apply.

## OBJECTIONS

First American raises five objections to the magistrate judge's Report and Recommendation. *Defendant's Objections to the Magistrate Judge's Report and Recommendation* ("*Defendant's Objections*"), at 4–19 (Docket No. 75). Lewis did not raise objections of her own and only responded to First American's objections, which are as follows:

- That the magistrate judge erroneously denied First American's motion to strike evidence and relied on a lower admissibility standard when admitting the evidence;

- That the magistrate judge improperly relied on non-Idaho evidence to certify an Idaho-only class;

- That the magistrate judge improperly conflated the existence of a prior

mortgage with the existence of a prior title policy and therefore improperly certified the class;

- That the magistrate judge improperly found that common questions of fact and law predominated under Rule 23(b)(3), and therefore supported class certification, because determining liability requires looking at each putative class member's file; and,

- That the magistrate judge improperly concluded that the class was manageable under Rule 23(b)(3) given the individual nature of each title insurance transaction.

## DISCUSSION

I. <u>Standard of Review</u>

Upon review of a magistrate judge's findings, a district court may "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). If a party objects to any portion of the magistrate judge's report or findings, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C). Moreover, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

II.     Admissibility Standard

First American argues that the magistrate judge erroneously denied its motion to strike because the magistrate judge incorrectly applied a lower admissibility standard that should be inapplicable at the class certification stage. *Defendant's Objections*, at 5–8 (Docket No. 75).  The issue is whether the FRE apply in full force at the class certification stage, and particularly whether *Daubert*'s expert testimony requirements apply.

The Ninth Circuit has not explicitly decided this issue, though the FRE and the minimal case law available support First American's position that the FRE apply generally at the class certification stage.[2]  Rule 101 of the FRE establishes the scope of the FRE: "These rules govern proceedings in the courts of the United States and before the United States bankruptcy judges and United States magistrate judges, to the extent and with the exceptions stated in rule 1101."  Fed. R. Evid. 101.  Rule 1101 of the FRE, in turn, does not except or change the application of the FRE at the class certification stage.  *See* Fed. R. Evid. 1101.

The magistrate judge did not explicitly recommend which admissibility

---

[2] In *Dukes*, the Ninth Circuit had concluded that a full *Daubert* inquiry is not required at the class certification stage.  *See Dukes v. Wal-Mart Inc.*, 509 F.3d 1168, 1179 (9th Cir. 2007).  Dukes, however, cannot be relied on because of a pending en banc proceeding.  *Dukes v. Wal-Mart, Inc.*, 556 F.3d 919, 919 (9th Cir. 2009).

standard to apply but presumably applied a more relaxed admissibility standard based on *Parkinson v. Hyundai Motor America*, 258 F.R.D. 580 (C.D. Cal. 2008), a case the magistrate judge cited and quoted before the recommendation. In *Parkinson*, the court reasoned that "a motion for class certification is not dispositive and need not be supported by admissible evidence," but that "the Court should not abandon admissibility standards entirely at the certification stage." *Parkinson*, 258 F.R.D. at 599. This reasoning is unpersuasive because the FRE do not determine applicability based on whether the motion is dispositive or not, but based on a limited set of exceptions set forth in Rule 1101. It is true that a district court may properly delegate a matter to a magistrate judge if the motion is not dispositive, but the FRE and case law do not appear to permit importing this standard to the applicability of the FRE.

Moreover, the cases Lewis relies upon do not support finding that the FRE should apply with lesser force at the class certification stage because those cases either do not fully explore the issue or refer to an evidentiary standard in dicta. *See, e.g.*, *Bell v. Addus Healthcare, Inc.*, No. C06-5188, 2007 WL 3012507, at *3 (W.D. Wash. Oct. 12, 2007) (noting only that "the Court is still not persuaded that it must apply the traditional rules . . . [to] evidence in support of class

certification).³  In contrast, the Seventh Circuit held, under the former Federal Rule of Civil Procedure 23(e), that the FRE fully applied. *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989). The Court reasoned that Rule 101 requires that the FRE always apply and that the exceptions in Rule 1101 did not provide otherwise in that case. *Id.*

As other courts have noted, a lower admissibility standard may apply at the class certification stage when expert evidence is at issue because of the complexity of the issues and the need to conserve judicial resources. This court need not reach this issue, however, because First American improperly categorizes the evidence at issue as expert evidence. This is discussed in full below. The court will fully apply the admissibility standards of the FRE to this class certification motion because the FRE and case law support this conclusion.

A.   Summary of HUD-1 Statements

First American objects to Lewis's submission of a summary of 112 HUD-1 settlement statements from Oregon. *Defendant's Objections*, at 8–12 (Docket No. 75). First American argues that the evidence is not relevant because the magistrate judge recommended certifying an Idaho-only class.

---

³ Lewis's reliance on *Bell* is misplaced because *Bell* does not directly decide whether the FRE apply in class certification proceedings; rather, this statement is dicta.

Under the FRE, all relevant evidence is admissible. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The summary of the Oregon HUD-1 settlement statements is not relevant because the class has been limited to an Idaho-only class. Although the evidence could be relevant because it is probative of First American's engagement in a consistent pattern of overcharging homeowners for title insurance on refinanced mortgages, Lewis has not demonstrated that she seeks to admit the evidence for this purpose.

First American also argues that the summary of HUD-1 settlement statements is inadmissible for lack of foundation because the summary is inaccurate. Because the court has already found the summary evidence irrelevant, the court need not and does not address this argument.

This court therefore grants First American's motion to strike the summary of Oregon HUD-1 settlement statements, without prejudice to renewing the motion.

B. Other HUD-1 Statements

First American argues that this court should strike Lewis's proffer of eighteen HUD-1 settlement statements from the multi-state area because they do

not prove that an overcharge occurred, and therefore cannot support Lewis's motion for class certification. For the same reasons discussed above, the eleven non-Idaho HUD-1 settlement statements are not relevant. The seven HUD-1 settlement statements from Idaho are relevant. To prove Lewis's unjust enrichment claim, Lewis needs to prove that First American incorrectly overcharged the premium rate, which requires a HUD-1 settlement statement, chain of title and a prior policy, and the applicable rate. The Idaho HUD-1 settlement statements are therefore relevant, in conjunction with other evidence, to prove that First American systematically overcharged mortgagees for title insurance in Idaho.

First American implicitly argues that Lewis is required to submit evidence of her claim at the class certification stage. Lewis is not yet required to prove her claim. The Supreme Court has explicitly disavowed a requirement that a plaintiff seeking class certification must prove that it is more likely than not to prevail on the merits of a claim. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974) ("We find nothing . . . that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.").

First American also seeks to classify this evidence as expert testimony,

apparently because of Lewis's assertion in her motion for class certification that all eighteen HUD-1 settlement statements evince an eighty percent overcharge rate. *See Plaintiff's Motion for Class Certification*, at 1, 8 (Docket No. 50); *Defendant's Objections*, at 10-11 (Docket No. 75). Admittedly, Lewis's conclusion is unexplained and unwarranted because all the documents necessary to determine whether an overcharge occurred were not submitted. This is simply an argument Lewis makes in her Motion for Class Certification and does not constitute evidence. For this reason, this court need not and does not accept as true Lewis's conclusions regarding the individual HUD-1 settlement statements submitted in Exhibit 12. The Court declines the party's invitation to prematurely decide whether such a conclusion constitutes expert evidence.

The court denies without prejudice First American's motion to strike the seven HUD-1 settlement statements from Idaho and grants First American's motion to strike the eleven non-Idaho HUD-1 settlement statements.

III. Reliance on Non-Idaho Evidence

First American next argues that the magistrate judge improperly relied on non-Idaho evidence to certify an Idaho-only class, thereby certifying a class that Idaho-only evidence does not support. *Defendant's Objections*, at 11–14 (Docket No. 75). This argument is misleading. At the class certification stage, a plaintiff

need not present evidence because discovery has not yet occurred. In fact, "the district court is bound to take the substantive allegations of the complaint as true." *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig. v. Standard Oil Co. of Cal.*, 691 F.2d 1335, 1342 (9th Cir. 1982) (citation omitted). The district court may, of course, consider evidence that supports or does not support class certification, but a district court may certify a class without supporting evidence. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992).

To the extent that the magistrate judge's Report and Recommendation relies on non-Idaho evidence, this court does not adopt those findings.

First American also challenges the merits of the magistrate judge's recommendation to certify an Idaho class given the lack of supporting evidence. A district court may certify a class if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to these four requirements, a district court must also find that one of three conditions in Federal Rule of Civil Procedure 23(b) is met. The party seeking certification bears the burden of showing that each of the

four requirements in Rule 23(a) are met and one of the conditions in Rule 23(b) is met. *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, *amended*, 273 F.3d 1266 (9th Cir. 2001).

A. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This court finds that Lewis has demonstrated numerosity for the following reasons. First, the magistrate judge did not rely entirely upon the non-Idaho evidence that is no longer part of the record. Second, Lewis alleges a putative multi-state class that would have included more than 360,000 members. An Idaho class, although necessarily far smaller than 360,000, at least numbers tens of thousands of people. *See Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439 (N.D. Cal. 1994) (holding that the numerosity requirement is met because the plaintiff alleged a class numbering in the hundreds of thousands and even though the exact number was unknown). Although Lewis's calculation about the frequency of overcharge is speculative, the underlying data does indicate that at least tens of thousands of people in Idaho applied for refinance mortgages with First American. *Plaintiff's Motion for Class Certification*, at 8–9 (Docket No. 50). Third, at the class certification stage, Lewis is not required to produce evidence that First American engaged in a pattern of

overcharge, and Lewis's failure to do so is reasonable because discovery is not complete. Moreover, First American has not submitted its own evidence that persuades the court that Lewis's substantive allegations are wrong. As noted above, the parties' arguments about what the seven Idaho HUD-1 settlement statements prove are premature. Finally, this court is also persuaded to find that Lewis has demonstrated numerosity given the lesser or similar showing other district courts have found sufficient. *See, e.g.*, *Randleman v. Fid. Nat'l Title Ins. Co.*, 251 F.R.D. 267, 274–75 (N.D. Ohio 2008) (finding numerosity satisfied because the putative class numbered "in the tens of thousands"), *amended*, No. 3:06cv07049, 2009 WL 3012081 (N.D. Ohio Sept. 15, 2009); *Cohen v. Chicago Title Ins. Co*, 242 F.R.D. 295, 299 (E.D. Pa. 2007) (same).

  B. <u>Commonality, Typicality, and Adequacy of Representation</u>

  First American also summarily argues that the magistrate judge relied on non-Idaho HUD-1 settlement statements to find that Lewis had demonstrate commonality, typicality, and adequacy of representation. The magistrate judge did not rely on non-Idaho evidence in finding that Lewis had demonstrated commonality, typicality, or adequacy of representation. First American's cursory argument to this effect is incorrect and is therefore rejected without merit.

IV. <u>Prior Mortgage as Evidence of a Prior Title Insurance Policy</u>

First American next argues that the magistrate judge improperly conflated the existence of a prior mortgage with the existence of a prior title policy in its proposed class definition. This court agrees and modifies the class definition as follows:

> The Court will certify a class defined as: All persons in the state of Idaho who, in connection with a mortgage refinancing transaction: (a) paid a premium for the purchase of residential title insurance from First American Title Ins. Co.; (b) had either an unsatisfied mortgage from an institutional lender *and prior title policy insurance,* or a deed to a bona fide purchaser in the chain of title within two years of the payment of the premium provided in the Title Insurance Rate manual in Idaho; and (c) did not receive the discount specified in the Manual.

V.  Predominance of Individual or Class Issues - Rule 23(b)(3)

First American next argues that the magistrate judge improperly recommended finding that Lewis had demonstrated commonality because individual issues predominated given that determining liability for unjust enrichment requires looking at each putative class member's file. This argument presumably refers to Rule 23(b)(3)'s requirement that common questions "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

The magistrate judge correctly concluded that Lewis demonstrated predominance. Although examining each class member's file is necessary, this is

an almost automatic process to determine whether the title policy shows a prior mortgage and whether the person received the discounted rate. Moreover, at the merits stage, liability will quickly become apparent because either the customer will have received the discount rate or not.

First American also suggests that they do not have the ability to easily collect each class member's title insurance policy. As other district courts have found, this court similarly finds that "[i]t strains credulity to suggest . . . that the Defendant[] . . . lack[s] the ability to compile information on insurance policies that they have issued, even if those policies have been issued by independent agents." *Mitchell-Tracey v. United Gen. Title Ins. Co.*, 237 F.R.D. 551, 560 (D. Md. 2006) (*quoted in Cohen*, 242 F.R.D. at 302).

VI. <u>Manageability - Rule 23(b)(3)</u>

Lastly, First American argues that the recommended class would be unmanageable given the individual nature of each title insurance transaction. This argument presents the same defects as First American's predominance argument and is likewise rejected.

**ORDER**

For the reasons stated above, Plaintiff's Motion for Class Certification (Docket No. 50) is GRANTED as follows:

1. The class is defined as:

> All persons in the state of Idaho who, in connection with a mortgage refinancing transaction: (a) paid a premium for the purchase of residential title insurance from First American Title Ins. Co.; (b) had either an unsatisfied mortgage from an institutional lender and prior title policy insurance, or a deed to a bona fide purchaser in the chain of title within two years of the payment of the premium provided in the Title Insurance Rate manual in Idaho; and (c) did not receive the discount specified in the Manual.

2. The Court will deny class certification over all other Plaintiffs.

3. The Court will appoint as lead Plaintiff Deborah Lewis of Nampa, Canyon County, Idaho.

4. The Court will appoint Benjamin A. Schwartzman, of Banducci, Woodard, Schwartzman, PLLC; Paul M. Weiss, of Freed & Weiss, LLC; Richard J. Burke, of Richard J. Burke, LLC; and, Carl P. Burke, individually, as class counsel.

Defendant's motion to strike (Docket No. 60) is GRANTED with respect to the summary of 112 Oregon HUD-1 settlement statements and as to HUD-1 settlement statements from Washington, Oregon, Arizona, and New Mexico in Exhibit 12.

Plaintiff's motion to strike the Defendant's reply to Plaintiff's response to objections (Docket No. 78) is GRANTED neither the applicable federal rules or

local rules provide for a reply to be filed.  Moreover, the reply filed does not change the court's determination regarding granting the class certification.

DATED: **February 24, 2010**

Honorable Edward J. Lodge
U. S. District Judge