UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEBORAH LEWIS,<br><br>                Plaintiff,<br><br>   v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>                Defendants | Case No. 1:06-cv-478-EJL-LMB<br><br>**REPORT AND RECOMMENDATION** |

Currently before the Court is Plaintiff's and Proposed Intervenors' *Motion to Intervene* (Docket No. 88). Therein, pursuant to Federal Rule of Civil Procedure 24, the proposed intervenors seek to be named as additional named plaintiffs on behalf of a potential subclass of Washington state residents. Having carefully reviewed the record and heard oral arguments of counsel for the parties,, the Court enters the following report and recommendation.

**REPORT**

Plaintiff Deborah Lewis and proposed interveners , Thomas and Carol Boucher ("Bouchers," or, collectively, "Plaintiffs"), request that the Bouchers be joined as additional named plaintiffs on behalf of a potential subclass of Washington state plaintiffs. Plaintiffs acknowledge that this is an attempt to expand the putative class

**REPORT AND RECOMMENDATION - 1 -**

beyond what was previously certified by the Court, that being, a sub-class of Idaho-only plaintiffs.

Previously. the Bouchers were named Plaintiffs representing a class of Washington state Plaintiffs in the United States District Court for the Eastern District of Michigan. That action was also brought against Defendant First American Title Company ("First American"). *See Boucher v. First American Title Insurance Co.*, No. 2:07-cv-12123-GER-VEM (E.D. Mich). However, after the named Michigan plaintiff voluntarily dismissed his claims, First American moved to transfer that action to Washington state. On February 1, 2010, the Bouchers' case was transferred to the Western District of Washington. *See Boucher v. First American Title Insurance Co.*, 2:10-cv-199 (W.D. Wash.). The pending Washington state case concerns the same September 2005 refinance transaction for which the Bouchers seek redress as named plaintiffs of a putative class here.

Plaintiffs characterize their motion to intervene as routine, noting specifically, "[t]here is no question that the . . . motion for intervention meets all the threshold requirements set by Rule 24." *Memo. In Support of Motion*, 6 (Docket No. 88-2). Plaintiffs further argue that intervention "is mandated because it would strengthen the representation of a larger overall plaintiff class and thereby promote increased fairness and judicial economy." *Id*. Finally, Plaintiffs reason it is an "inarguable conclusion" that the Boucher's intervention would cause "no prejudice or delay of adjudication relative to the rights of any present parities." *Id*. at 11.

**REPORT AND RECOMMENDATION - 2 -**

Conversely, First American paints Plaintiffs arguments as inapposite. Specifically, it takes issue with the timeliness of the motion, which is being made over three years after this action was commenced by Lewis. First American argues that the Boucher's delay is unjustified, characterizing it further as "futile" and "forum shopping," considering the current action is pending in the District Court for the Western District of Washington. First American also argues that intervention "would frustrate judicial economy, prejudice First American, and Endorse the Bouchers' conduct." Beyond undue delay and prejudice, which represents the thrust of First American's response, it also argues that permitting intervention would be futile because this court already concluded that there are "materially different legal standards" between the laws of Idaho and Washington state. Finally, First American points to Plaintiff's failure to challenge this Court's March 2, 2009, Report and Recommendation, which specifically recommended denying certification of a sub-class of Washington residents.

## DISCUSSION

### A. Standard

Rule 24 provides two grounds for intervention in federal court: intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 24. Rule 24(a)(2) governs applications for intervention as of right; Applicants do not aver that they qualify as intervenors as of right. Rather, Plaintiffs seek permissive intervention under Rule 24(b), which provides, in pertinent part:

(1) On timely motion, the court may permit anyone to intervene who:

>>(A) is given a conditional right to intervene by a federal statute; or
>
>>(B) has a claim or defense that shares with the main action a common question of law or fact.
>
>. . .
>
>(3) In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b). Generally, Rule 24 is construed liberally in favor of the applicant for intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). "Courts are guided primarily by practical and equitable considerations." *Id*. However, each of the following elements must be demonstrated in order to provide a non-party with the ability to intervene: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

### 1. *Timeliness*

Timeliness is "the threshold requirement" for intervention. *See United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990) (relating to intervention of right). If the court finds "that the motion to intervene was not timely, [it] need not reach any of the remaining elements of Rule 24." *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). In determining whether a motion is timely, the court considers: (1) the stage of the proceedings; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *United States ex rel. McGough v. Covington Techs.*,

967 F.2d 1391, 1394 (9th Cir. 1992). "[A]ny substantial delay weighs heavily against intervention." *Wilson*, 131 F.3d at 1302. (internal citations omitted).

Plaintiffs contend that each element "favors intervention." *Plaintiffs Memorandum in Support*, 7 (Docket No. 88-2). Specifically, Plaintiff's characterize Boucher's motion as made "at an early stage of the proceedings," noting there has been no ruling on the merits of the case. Further, Plaintiffs argue that there would be no prejudice to either party, "especially considering that [First American] had admittedly already evaluated the dispositive evidence governing the Bouchers' claims . . . ." *Id*. Finally, Plaintiffs argue that there is no undue delay because, prior to the certification of an Idaho-only class, the Bouchers' were originally part of the suit as an unnamed subclass of Washington plaintiffs.

First American views the timeliness factors differently. First American points out that this case has been on-going for more than three years, and that the Bouchers knew of the law suit since its inception, but choose instead to litigate as class plaintiffs in the Eastern District of Michigan.[1] First American disagrees with Plaintiffs' contention that the Bouchers were originally part of the lawsuit, and question why Plaintiffs failed to seek intervention months earlier. Finally, First American argues that intervention would prejudice it, frustrate judicial economy and endorse, what First American characterizes as forum shopping.

---

[1] First American also notes the Bouchers' resistance to transferring the case to Washington state once the named Michigan Plaintiffs voluntarily dismissed their case.

REPORT AND RECOMMENDATION - 5 -

With regard to the stage of the proceeding factor, Plaintiffs argue that because the Court has yet to reach the merits of Plaintiffs' claims, it is still at an early stage of the proceedings. (Doc 88-2, p. 6–7). Further, at oral argument, Plaintiffs reasoned that, despite the District Court's ruling on class make-up, revisiting certification would be a minor task, as the United States Court for this District is familiar with the class issues, and that the Washington court would have to address it at a later time, nonetheless.

"The simple fact that a trial had not yet commenced . . . however, cannot be dispositive. To confer talismanic significance upon the beginning of trial would be to elevate form over substance." *Wilson*, 131 F.3d at 1303. In fact, as First American argues, discovery has closed and because Plaintiffs would seek to expand the class, discovery would have to be reopened. Further, in class actions, the certification decision is the significant litigation event. *See Thorogood v. Sears Roebuck & Co.*, 547 F.3d 742, 745 (7th Cir. 2008); *Newton v. Merrill Lynch*, 259 F.3d 154, 164 (3d Cir. 2001); *In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1298 (7th Cir.). As the district court has substantively and substantially addressed these issues in the instant action pending in this District, this factor weighs against allowing intervention.

Regarding the prejudice factor of the timeliness analysis, Plaintiffs argue that, especially given that it is the same group of lawyers representing the parties, the addition of the Bouchers, who Plaintiffs assert First American is already familiar with, would cause no prejudice to any party to the action. (Plaintiff's Brief p 10–12). In response, First American argues that the delay of re-opening discovery and re-litigating class

certification would in-itself prejudice First American. Although First American concedes that it will have to conduct discovery and contest a class certification in Washington state, it maintains that it would be prejudiced by having to retrace those steps in this district. Unfortunately, with regard to this factor, neither party has demonstrated what prejudice, if any, would occur if intervention were allowed. In the court's view, neither parties' speculation can be dispositive of the prejudice factor. It is also important to note that the Bouchers will not be prejudiced by not being included in this District of Idaho action as their interests are adequately represented in the Western District of Washington.

Finally, with regard to the third timeliness factor, the length of delay and the reason for it, Plaintiffs contend that the Bouchers sought intervention as soon as they saw the need. As previously noted, "any substantial lapse of time weighs heavily against intervention." *United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). In this instant action, despite knowing of the case long before the class certification stage, the Bouchers choose instead to cast their lot in the Eastern District of Michigan, waiting until after the undersigned recommended not certifying a Washington state class of Plaintiffs. Plaintiffs acknowledge that the choice to proceed in Michigan as opposed to Idaho was a tactical choice made before they saw the need for a named Washington plaintiff, admitting further that intervention shortly before the class certification hearing could have caused unnecessary delay. (Docket No. 111). Plaintiffs, however, offer nothing beyond tactical reasoning as the reason for the delay. Accordingly, the timeliness factor weighs against intervention.

**REPORT AND RECOMMENDATION - 7 -**

Because Plaintiffs' motion for permissive intervention was untimely, the undersigned concludes that intervention pursuant to Rule 24(b)(2) is inappropriate and Plaintiffs' motion should be denied.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED:

1. Plaintiffs' *Motion to Intervene* (Docket No. 88) be DENIED.



DATED: **August 5, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge